David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone:   907-677-1234
Fax:        888-965-9338
Email:  *dh@henderson-law.com*
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EMILY ACKER and JUSTIN ACKER, individually, and as natural parents and next friend of I.A., a minor child,<br><br>    Plaintiffs,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. _____ |

## Complaint for Medical Malpractice
### [*Federal Tort Claims Act*]

COME NOW plaintiffs, Emily Acker and Justin Acker, individually, and as natural parents and next friend of I.A., and allege as follows:

1.At all times relevant hereto, plaintiffs were residents of Eielson Air Force Base, Alaska, within the District of Alaska.

2.Emily Acker [hereinafter "Emily"] and Justin Acker [hereinafter "Justin"] are natural parents of I.A. [hereinafter "I.A."], a female infant born December 12, 2020 at Bassett

*Acker v U.S.A.*Page 1 of 5

Army Community Hospital at Fort Wainwright in Fairbanks, Alaska [hereinafter "Bassett."]

3. At all times pertinent, Emily and Justin were and are legally married.

4. Emily and Justin assert claims as next-friend on I.A.'s behalf and are fit to do so.

5. Bassett was and is a comprehensive state-of-the-art medical care facility acting as an agent of defendant United States of America.

6. Defendant United States staffed Bassett with various physicians, nurses, and medical practitioners of varying fields and specialties -- either through employment or the granting of staff privileges -- who undertook to administer healthcare and medical services to Emily in the birth of baby I.A.

7. Said practitioners included but were not limited to:

   (a) Rebecca Sheridan, M.D. -- Board-certified physician in Obstetrics and Gynecology;

   (b) Tess Harmon, M.D. -- Board-certified physician in Obstetrics and Gynecology;

   (c) Lisa Daley, R.N. -- Registered Nurse, and;

   (d) Brittany Speers, CNM -- Certified Nurse Midwife.

8. At all times pertinent, said practitioners were acting within the scope of their employment, staff-privileges, specialties, and certifications at Bassett, as alleged.

9. Each was also acting as agent and/or co-participant with the other.

10. More than six months ago, plaintiffs submitted the claims alleged herein by

way of a "Claim for Damage, Injury, or Death" form [Standard Form 95] to the appropriate federal agency.

11. Because that agency has failed to make a final disposition of the claims within six months, it has effectively denied plaintiffs' claim.

12. At all times pertinent, Emily and I.A. were medical patients of Bassett and its agents and employees.

13. On December 11, 2020, Emily was 38 weeks pregnant with I.A. and presented to Bassett for medical treatment.

14. Bassett admitted her for labor and delivery.

15. On December 12, 2020, Bassett's practitioners delivered baby I.A.

16. On December 14, 2020, Emily and I.A. were discharged from Bassett.

17. The actions and/or inactions of Bassett's employees and/or agents fell below the standard of care and constituted a gross departure from the skill and/or knowledge possessed by competent practitioners in the field(s) or specialty(s) in which they were practicing. They were thus negligent in several ways including, *but not limited to*:

> (a) Failing to properly monitor fetal heart rate ("FHR") abnormalities and uterine contractions;
>
> (b) Failing to apply a fetal scalp electrode;
>
> (c) Failing to properly control and/or instruct as to the patient's pushing efforts;
>
> (d) Failing to properly control the administration of Pitocin;

*Acker v U.S.A.*                                                                                                   Page 3 of 5

Case 3:23-cv-00130-HRH   Document 1   Filed 06/13/23   Page 3 of 5

(e) Failing to appreciate the poor feasibility of safe vaginal delivery, including issues of progress, fetal presentation, station, position, caput and molding duration of ruptured membranes;

(f) Failing to timely perform a C-section delivery in the face of obvious obstetrical and fetal considerations, including malposition of the fetal head;

(g) Persisting in pushing and vaginal delivery, and;

(h) Failing to safeguard/protect the baby from traumatic birth.

18. Said actions and/or inactions constituted negligence and recklessness within the purview of AS 09.55.549(f).

19. As a direct and proximate result of said negligence and recklessness as alleged, I.A. suffered trauma and hypoxia including, but not limited to, permanent brain injury.

20. As a direct and proximate result of the negligence/recklessness and injuries alleged herein, plaintiffs have suffered both economic- and non-economic losses, past and future, including but not limited to: I.A.'s pain and suffering; I.A.'s loss of future earnings and non-market services; healthcare related expenses and therapies; emotional distress and psychological injuries; loss of the child's services and contributions, and; loss of child consortium.

21. Defendant United States is liable to the plaintiffs for negligence and recklessness in the minimum amount of $100,000.00, the exact amount to be proved at trial.

WHEREFORE, plaintiffs pray for judgment awarding:

1. Compensatory damages, as alleged;

2. Costs and attorney's fees, as appropriate, and;

3. Any other relief the Court may deem just and proper.


DATED: June 13, 2023

David Henderson
The Law Offices of David Henderson
Attorneys for Plaintiffs Emily Acker, Justin Acker, and I.A.

By: /s/ David Henderson
 David Henderson, ABA #9806014